**Al WALKER, d/b/a Al Walker & Associates, Appellant,**

v.

**CROWN SASH & DOOR COMPANY, Appellee.**

**No. 4679.**

Court of Civil Appeals of Texas.

Waco.

Dec. 7, 1967.

Rehearing Denied Dec. 28, 1967.

W. B. Pope, Dallas, for appellant.

Charles J. Winikates, Dallas, for appellee.

## OPINION

WILSON, Justice.

The questions in this action on a verified account are whether there is evidence or sufficient evidence of agency to support jury findings. We conclude the evidence is adequate, and affirm.

Plaintiff-appellee alleged it sold itemized doors and similar material to defendant-appellant, who filed a verified denial that he had contracted for or received the merchandise. Plaintiff then alleged the material was ordered for defendant by Ben Reynolds, who had actual and apparent authority to act as agent for defendant, and defendant was estopped to deny the agency. Jury findings were to the effect that plaintiff furnished the material to the "Raydon Street job" on which defendant had a contract to construct a house for Atkins; and that Reynolds purchased the material as defendant's agent, acting within the scope of his agency and authority. There was a definition of terms, not material here.

Defendant points to his own testimony which might have authorized a contrary finding. The evidence is legally and factually sufficient to sustain the recited findings, however. Defendant's testimony was directly contradicted. He had notice the material was being delivered and charged to him. There was evidence he paid invoices on other material ordered by Reynolds for him; that Reynolds was in defendant's office when he ordered the material; that when Atkins told him the material was being billed to him, defendant indicated "it was all right with him"; that Walker and his attorney came to Atkins' office and showed him the invoices which are sued on, defendant saying he owed them and "was going to pay Crown Sash & Door because they were after him for this money"; that defendant received invoices each week and statements each month, but made no objections to plaintiff concerning any of the charges during three months the material was being ordered by Reynolds and used. There was proof defendant asked plaintiff "to separate" the Raydon Street job from another on Fuller Street; and that he made no objection to the charges.

Appellant makes some argument concerning the effect of a release. There is no pleading of release as required by Rule 94, Texas Rules of Civil Procedure, and no effect may be given to it as a defense.

Reversal is asked because three issues submitted are undispued. There are no objections to the charge, and the complaint is waived. Rule 274, Texas Rules of Civil Procedure.

Affirmed.